AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN                                District of      NEW YORK

CAROL WILSON

                       Plaintiff,

    V.

AON CORPORATION, a.k.a. AON SERVICES GROUP, INC., and
WEXFORD UNDERWRITING MANAGERS, INC.

                       Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 05 Civ. 4271 (TPG) (FM)

TO: (Name and address of Defendant)

AON Corporation a.k.a. AON SERVICES GROUP, INC.
200 East Randolph Street
Chicago, Illinois 60601

Wexford Underwriting Managers, Inc.
40 Fulton Street
New York, NY 10038

    **YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Christina A. Leonard, Esq.
CRONIN & BYCZEK, LLP.
1981 Marcus Avenue
Suite 227
Lake Success, NY 11042
(516) 358-1700

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                            DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAROL WILSON,

                                                 Plaintiff,

                                                                       **AMENDED VERIFIED**
              - against -                                           **COMPLAINT AND**
                                                                       **JURY DEMAND**
AON CORPORATION a.k.a. AON SERVICES GROUP,
INC., WEXFORD UNDERWRITING MANAGERS, INC.       05 Civ. 4271 (TPG) (FM)

                                               Defendants.
------------------------------------------------------------------------X

        Plaintiff, CAROL WILSON ("Wilson" or "plaintiff"), by her attorneys, CRONIN & BYCZEK, LLP, as and for her Complaint against the Defendants, respectfully sets forth:

### NATURE OF ACTION

        1.    This is an action for declaratory relief and damages to secure protection of and to redress deprivation of rights secured by the United States Constitution, New York State Executive Law §296, the New York City Human Rights Law, the Age Discrimination in Employment Act, and the Americans with Disability Act, providing for relief against discrimination in employment and to correct unlawful employment practices on the basis of the Plaintiff's age, disability and retaliation for engaging in protected activity.

        2.    Additionally, this claim seeks money damages, both accrued and prospective, on behalf of the Plaintiff.

## **JURISDICTION**

3. The jurisdiction of this Court is invoked based upon federal questions. Further, the jurisdiction of this Court is invoked pursuant to the New York State Constitution, the Constitution of the United States, 28 U.S.C. §§1343(3) and (4) and 28 U.S.C. 1331 as well as 42 U.S.C. 2000e through 2000e(15) and the New York State Executive Law §296, and the New York City Human Rights Law.

4. The rights, privileges, and immunities sought herein to be redressed are those secured by the Americans with Disabilities Act, the Age Discrimination in Employment Act and guidelines and rules promulgated thereunder and along with the applicable provisions of the New York State Constitution and the New York City Human Rights Law.

5. Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to any state claims set forth in all counts.

6. On or about March 22, 2004 Plaintiff, filed a Charge of Discrimination and Affidavit with the United States Equal Employment Opportunity Commission ("EEOC") which organization receives and investigates charges of discrimination as set forth by the Americans with Disabilities Act.

7. Said Charge and Affidavit alleges employment discrimination against Plaintiff by the Defendants, A copy of Said Complaint is Annexed hereto as Exhibit "A".

8. On or about January 27, 2005 the United States Equal Employment Opportunity Commission issued to Plaintiff, a "RIGHT TO SUE LETTER" advising her of the completion of her prerequisites to suit in federal court. A copy of the "Right to Sue" letter issued to Plaintiff is annexed hereto as Exhibit "B."

## VENUE

9.  Venue exists in the Southern District of this Court, County of New York and State of New York.

10. Venue is proper within this District, as the acts complained of were committed within its boundaries and based upon violations of the New York State Constitution and the New York State Executive Law, and the New York City Human Rights Law.

## PARTIES

11. Plaintiff is a currently a resident of Hensley, Arkansas, and is a citizen of the United States. During the relevant time period she was a resident of New York State.

12. Plaintiff is a female and at all relevant times, was over the age of 40 and suffered from disabilities as defined under the Americans with Disabilities Act and New York State Executive Law .

13. Plaintiff had previously complained of and opposed defendants' discriminatory practices and as a direct result suffered retaliation in employment.

14. Upon information and belief defendant AON CORPORATION a.k.a. AON SERVICES GROUP, INC. is authorized to conduct business in the State of New York and has its corporate offices at 200 East Randolph Street, Chicago, Illinois 60601

15. Upon information and belief defendant WEXFORD UNDERWRITING MANAGERS, INC. 40 Fulton Street, New York, N.Y. 10038 is a corporation duly organized under the laws of the City and State of New York, is a subsidiary of defendant AON CORPORATION a.k.a. AON SERVICES GROUP, INC., and has its place of business within the City of New York.

## FACTS UNDERLYING PLAINTIFF'S CAUSES OF ACTION

16. Plaintiff was employed by Wexford Underwriting Managers, Inc, a subsidiary of the AON Corporation a.k.a. AON Services Group, Inc. for approximately two years and seven months commencing on or about March 1, 2001.

17. Plaintiff held the position of Second Vice President and was responsible for underwriting and business development of excess workers' compensation coverage including employers liability for specific and aggregate coverage.

18. Throughout her employment and until her diagnosis plaintiff performed her duties and responsibilities in an exemplary manner, her work performance was above average and she received raises and bonus payments .

19. On September 11, 2001, plaintiff was traveling to work in her car right next to the first tower of the World Trade Center when it was attacked. Plaintiff experienced first hand the devastation, terror and chaos that ensued.

20. Plaintiff worked from her home in upstate New York for the next few weeks because the Wexford offices were inaccessible.

21. Plaintiff was diagnosed with delayed onset September 11th related acute panic attacks and full-blown Post Traumatic Stress Disorder.

22. Plaintiff commenced treatment on or about February 2003.

23. Plaintiff was diagnosed as having her symptoms compounded by an intentionally hostile verbal and emotionally abusive work environment tolerated and condoned by defendants, including but not limited to being subject to unnecessary criticism,

verbal harassment, embarrassment and humiliation by a male supervisor based solely upon her disability and age.

24. Plaintiff informed defendants' of her diagnosis and repeatedly requested reasonable accommodation, including but not limited to: reassignment, transfer or relocation out of the New York Office, and not being assigned to the abusive and hostile manager.

25. Defendants' continuously denied plaintiff's requests for reasonable accommodation and did nothing to cease the discriminatory conduct of her manager, thereby causing her disability to worsen.

26. Plaintiff suffered retaliation for complaining about the disparate treatment based upon her age and disability, including but not limited to: being subject to further hostility, abuse, embarrassment and humiliation by her manager.

27. Because plaintiff was not reasonably accommodated and continually subjected to disparate treatment based upon her age and disability, her disability deteriorated until she was forced onto disability status, and went out on short and long term disability.

28. Plaintiff never returned to work and was discharged from employment on or about October 6, 2003.

29. As a direct result of defendants' impermissible and discriminatory actions, plaintiff was forced to take disability retirement at a significant decrease in salary and benefits.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT PURSUANT TO THE AMERICANS WITH DISABILITIES ACT

30. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. Based upon the above, the plaintiff was discriminated against by Defendants based upon her disabilities, including but not limited to: repeatedly being denied reasonable accommodation, being subject to a hostile environment tolerated and condoned by defendants.

33. Defendants intentionally and willfully discriminated against plaintiff and permitted plaintiff to be harassed in employment on account her disability and in retaliation for opposition to discrimination thereby in violation of the Americans with Disabilities Act.

34. No significant action was taken by defendants, thereby causing plaintiff to be subjected to a hostile work environment.

35. As a result of the defendants' conduct, plaintiff has suffered economic loss, pain, humiliation, extreme emotional and physical distress and continues to suffer to this day, and further as a result of the defendants' conduct, plaintiff has suffered both professionally and personally.

36. As a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars. Additionally, the plaintiff seeks FIVE MILLION ($5,000,000.00) Dollars in punitive damages from each of the defendants.

### AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT

37. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38. Based upon the above, plaintiff was discriminated against by defendants based upon her age: including but not limited to: repeatedly being subject to intentional verbal abuse, hostility, humiliation and embarrassment based upon her age.

39. Defendants intentionally and willfully discriminated against plaintiff and permitted plaintiff to be harassed in employment on account her age and in retaliation for opposition to discrimination thereby in violation of the Age Discrimination in Employment Act.

40. No significant action was taken by defendants, thereby causing plaintiff to be subjected to a hostile work environment.

41. As a result of the defendants' conduct, plaintiff has suffered economic loss, pain, humiliation, extreme emotional and physical distress and continues to suffer to this day, and further as a result of the defendants' conduct, plaintiff has suffered both professionally and personally.

42. As a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars. Additionally, the plaintiff seeks FIVE MILLION ($5,000,000.00) Dollars in punitive damages from each of the defendants.

### AS AND FOR A THIRD CAUSE OF ACTION
### PURSUANT TO NEW YORK STATE EXECUTIVE LAW §296

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "42" with the same force and effect as if fully set forth herein.

44. Based on the foregoing, defendants intentionally and willfully discriminated against plaintiff in her employment on account of disability and age and in retaliation for opposition to discriminatory practices, and are in violation of New York State Executive Law §296.

45. As a result of defendants' actions and of the deprivations of her rights as guaranteed under New York State Executive Law §296, plaintiff has suffered economic loss, pain, humiliation and extreme emotional and physical distress.

46. As a result of the negligent, wrongful, careless, reckless and intentional acts of the defendants, plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars. Additionally, plaintiff seeks Five Million ($5,000,000.00) Dollars in punitive damages.

47. That as a result of defendants' intentional conduct, plaintiff has suffered economic loss, pain, humiliation, extreme emotional and physical distress and continues to suffer to this day and further as a result of the Defendants' conduct; Plaintiff has suffered professionally and personally.

48. Because of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

49. Additionally, plaintiff seeks FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO VIOLATIONS OF NEW YORK CITY CIVIL RIGHTS LAW §40

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" with the same force and effect as if fully set forth herein.

51. Based on the foregoing, defendants intentionally and willfully discriminated against plaintiff in her employment on account of disability and age and in retaliation for opposition to discriminatory practices, and are in violation of New York State Human Rights Law §40.

52. As a result of defendants' actions and of the deprivations of her rights as guaranteed under New York Human Rights Law §40, plaintiff has suffered economic loss, pain, humiliation and extreme emotional and physical distress.

53. As a result of the negligent, wrongful, careless, reckless and intentional acts of defendants, plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars. Additionally, plaintiff seeks Five Million ($5,000,000.00) Dollars in punitive damages.

54. That as a result of defendants' intentional conduct, plaintiff has suffered economic loss, pain, humiliation, extreme emotional and physical distress and continues to suffer to this day and further as a result of defendants' conduct; plaintiff has suffered professionally and personally.

55. Because of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

56. Additionally, plaintiff seeks FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1. Declaring the aforementioned actions of the Defendants, AON Corporation a.k.a. AON Services Group, Inc. and Wexford Underwriting Managers, Inc. unconstitutional and are violations of the New York State Constitution, the United States Constitution, The Americans with Disabilities Act, The Age Discrimination in Employment Act, New York State Executive Law §296 and New York City Human Rights Law.

2. Granting the Plaintiff money damages in the amount of no less than FIVE MILLION ($5,000,000.00) DOLLARS in compensatory damages for each cause of action or in an

amount to be proven at trial;

3. Granting the Plaintiff FIVE MILLION ($5,000.000.00) DOLLARS in punitive damages for each cause of action or an amount to be proven at trial;

4. Granting Plaintiff all costs of this action including reasonable attorney's fees incurred by Plaintiff; and;

5. Granting the Plaintiff such other and further relief as may be just.

### JURY TRIAL

The Plaintiff, CAROL WILSON, requests a jury trial on all questions of fact raised by the Complaint.

Dated: Lake Success, New York
July 7, 2005

CRONIN & BYCZEK, LLP

_____
CHRISTINA A. LEONARD (CL5020)
1981 Marcus Avenue – Suite 227
Lake Success, New York 11042
(516) 358-1700

To: AON Corporation a.k.a. AON Services Group, Inc.
200 East Randolph Street
Chicago, Illinois 60601

Wexford Underwriting Managers, Inc.
40 Fulton Street
New York, N.Y. 10038